UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRICIA B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-1583-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1969, has a GED, and has worked as an administrative assistant, human resources assistant, and office manager. AR 340. Plaintiff was last gainfully employed in 2007. AR 339.

In April 2011, Plaintiff applied for benefits, with an amended alleged onset date of April 1, 2011, and a date last insured of December 31, 2012. AR 324-25, 1645, 1677-78. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. AR

ORDER REVERSING THE COMMISSIONER'S
DECISION - 1

194-96, 198-99, 203-04.  After the ALJ conducted a hearing in August 2012 (AR 44-84), the ALJ issued a decision finding Plaintiff not disabled.  AR 170-88.

The Appeals Council granted Plaintiff's request for review, and remanded the case to the ALJ for further proceedings.  AR 189-93.  The same ALJ held another hearing in June 2015 (AR 85-137), and subsequently issued a decision finding Plaintiff not disabled.  AR 21-43.  The Appeals Council denied review (AR 1-7), and this decision was reversed by the U.S. District Court for the Western District of Washington, and remanded for further administrative proceedings.  AR 1112-34.

A different ALJ held a hearing in June 2018 (AR 1043-81), and subsequently issued a decision finding Plaintiff not disabled.  AR 730-59.  This decision was reversed by the U.S. District Court for the Western District of Washington, and remanded for further administrative proceedings.  AR 1785-94.  The ALJ held two hearings, in October 2020 and June 2021 (AR 1671-1751), and subsequently issued a decision finding Plaintiff not disabled.  AR 1645-60.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity during the adjudicated period (April 1, 2011, through December 31, 2012).

**Step two**:  During the adjudicated period, Plaintiff had the following severe impairments: status post corrective bilateral foot subtalar joint arthrodesis, bilateral plantar fasciitis, left sided piriformis syndrome, bilateral carpal tunnel syndrome, depressive disorder, and anxiety disorder.

**Step three**:  During the adjudicated period, these impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  During the adjudicated period, Plaintiff could perform light work with additional limitations: she could lift/carry 20 pounds occasionally and 10 pounds frequently.  She could stand/walk six hours in an eight-hour

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

workday, and sit six hours in an eight-hour workday with normal breaks.  She could push/pull on an unlimited basis, except as indicated for lifting/carrying.  She could occasionally climb ramps and stairs, ladders, ropes, and scaffolds.  She could occasionally balance, stoop, and kneel.  She could never crawl.  She was limited to frequent fingering bilaterally.  She needed to avoid concentrated exposure to hazardous machinery and working at unprotected heights.  She could understand, remember, and carry out simple instructions and exercise simple workplace judgment and could perform work that is learned by on-the-job training beyond a short demonstration, lasting up to and including one month.  She could deal with occasional changes in the work environment, and she could have at most occasional interaction with the general public

**Step four**:  Plaintiff could not perform past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1645-60.

Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing the medical opinion evidence, her testimony, and the lay evidence, and that these errors led to an erroneous RFC assessment and error at step five.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.    The ALJ Erred in Assessing the Medical Opinion Evidence**

Plaintiff challenges the ALJ's assessment of multiple medical opinions, including the hearing testimony of medical expert Darius Ghazi, M.D., and the opinions of treating physician Dennis Mann, D.O.

  *1.    Legal Standards*[3]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

---

[3] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

2.     *Dr. Ghazi*

Dr. Ghazi provided contradictory testimony at the June 2021 hearing. AR 1708-29. He testified that Plaintiff medically equals a listing, that he agrees with State agency opinions indicating that she can perform light work, that he finds the State agency opinions to be unrealistic, and that he also agrees with Dr. Mann's opinion that Plaintiff could only stand for a few minutes at a time and could not sit for longer than 20 minutes. *Id*. Many minutes of Dr. Ghazi's testimony were also rendered inaudible, presumably due to background noise, which adds to the confusing nature of the testimony. AR 1708-29.

The ALJ gave significant weight to Dr. Ghazi's testimony that he concurred with the State agency opinions, but the ALJ did not acknowledge the other contradictory parts of his testimony. AR 1655. The Commissioner concedes that the ALJ mischaracterized Dr. Ghazi's testimony, but argues that this was harmless error because the jobs identified by the vocational expert (VE) would accommodate a limitation to standing for only five minutes at a time. Dkt. 12 at 15. The Commissioner also notes that the ALJ discounted Dr. Mann's opinions that Plaintiff could not sit for extended periods of time, and that this analysis would apply to Dr. Ghazi's testimony indicating the same.[4] *Id*.

The Court does not agree that the ALJ's error in characterizing Dr. Ghazi's testimony is harmless because the hearing transcript does not support the Commissioner's argument. As noted above, Dr. Ghazi indicated that he agreed with Dr. Mann's opinion that Plaintiff would need to shift between standing for five minutes at a time and sitting for 20 minutes throughout a workday. AR 1722. At the hearing, the VE identified three sedentary jobs and three light jobs that were consistent with the ALJ's two hypotheticals. AR 1742-44. When asked whether these

---

[4] In light of the Court's finding, *infra*, that the ALJ erred in discounting Dr. Mann's opinions, the Court does not rely on this line of argument to find the ALJ's error harmless.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

jobs could accommodate a sit/stand option, the VE testified that the three sedentary jobs could accommodate changing positions every 25-30 minutes, but that position changes any more frequent than that would preclude an employee's ability to maintain pace. AR 1745. The VE also testified that the light jobs could accommodate a sit/stand option without eroding the job numbers. AR 1745-48.

On cross-examination, counsel asked the VE whether the sedentary and light jobs were consistent with a restriction to sitting for 10 minutes at one time and standing for 20 minutes at one time, and the VE clarified her testimony as to the availability of a sit/stand option, indicating that changing positions this often would not be sustainable for work pace purposes for either the sedentary or light jobs. AR 1749-50. For these reasons, the VE testimony indicates that if the limitations identified by Dr. Mann and affirmed by Dr. Ghazi had been credited, Plaintiff would not be able to sustain the pace necessary in the workplace. The VE's testimony thus contradicts the Commissioner's argument that the ALJ's step-five findings are consistent with Dr. Ghazi's testimony, and the Court therefore cannot therefore find harmless the ALJ's error in characterizing Dr. Ghazi's testimony.

      3.    *Dr. Mann*

Dr. Mann opined in 2012 and 2013 that Plaintiff's physical conditions caused disabling walking, sitting, and standing limitations. AR 689-93, 699-705. Specifically, Dr. Mann opined that Plaintiff could not, at one time, walk more than 50 feet, stand for more than a few minutes, or sit longer than 20 minutes at a time. AR 692. Dr. Mann also opined that Plaintiff's psychiatric conditions and medications were disabling. AR 689-93, 699-705. The ALJ gave little weight to these opinions, finding them inconsistent with the objective evidence in the record and with Plaintiff's activities. AR 1655. The ALJ also found that Dr. Mann's opinions

were inconsistent with Plaintiff's receipt of unemployment benefits, which required Plaintiff to certify that she was able to work full-time.  AR 1655.

In a previous remand order, the court found error in the ALJ's finding that Dr. Mann's opinions were inconsistent with the objective evidence.  In a previous decision, the ALJ had cited evidence of Plaintiff's benign spine imaging and generally full lower extremity strength as inconsistent with the disabling walking, sitting, and standing limitations Dr. Mann described. AR 1095.  The court found that the objective evidence cited by the ALJ was not reasonably inconsistent with Dr. Mann's opinion, which was based on years of treatment records documenting abnormalities unacknowledged by the ALJ.  AR 1119.

In the current decision, the ALJ cites, as evidence inconsistent with Dr. Mann's opinions, Plaintiff's good foot alignment, only mildly antalgic gait, and decreased ankle swelling with physical therapy.  AR 1655.  Again (*see* AR 1119), the ALJ failed to acknowledge the evidence of paresthesia, reduced range of motion, loss of reflexes, and tenderness that Dr. Mann documented in his treatment notes (*e.g.*, AR 644-46, 658-60), and the evidence of Plaintiff's foot alignment, abnormal gait, and decreased swelling does not contradict Dr. Mann's conclusions. The Court finds that, again, the ALJ finding that Dr. Mann's opinions were inconsistent with the record fails to acknowledge findings that corroborate Dr. Mann's conclusions and instead relies on objective findings that do not pertain to the limitations Dr. Mann identified.

The ALJ also found that Plaintiff's activities — namely her travel, as well as her report in 2017 that she had previously been able to work, participate in recreation/sports, and daily activities — also contradicted Dr. Mann's conclusions.  AR 1655.  As previously found in a remand order, the ALJ erred in finding that Plaintiff's travel activities were inconsistent with her allegation of disabling limitations.  *See* AR 1123, 1127.  And the ALJ also erred in relying on a

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

2017 physical therapy note as evidence that Plaintiff was able to engage in work activities, daily activities, and sports activities without pain during the adjudicated period, because the note at issue does not indicate at what time Plaintiff was able to engage in those activities. *See* AR 2266 (describing Plaintiff's "prior level of function" at an unspecified point in time). The ALJ failed to identify substantial evidence that contradicts Dr. Mann's description of disabling limitations, and thus this line of reasoning is invalid.

As to the ALJ's final reason to discount Dr. Mann's opinion as to Plaintiff's physical limitations — Plaintiff's receipt of unemployment benefits — the record shows that Plaintiff last received unemployment benefits in August 2010. AR 1457. August 2010 is before Plaintiff's alleged onset date and before Dr. Mann rendered his opinions about Plaintiff's limitations, and thus Plaintiff's certification that she was able to work full-time before the adjudicated period is not a valid reason to discount Dr. Mann's opinions about Plaintiff's ability to function during the adjudicated period.

In an attempt to garner support for the ALJ's finding, the Commissioner notes (Dkt. 12 at 6) that Plaintiff testified at a hearing in 2018 that she believed, without remembering when she received her last unemployment check, that she became disabled about 12-18 months after her last unemployment check. AR 1054-55. In assessing Plaintiff's allegations, the ALJ reasoned from this vague testimony that the earliest Plaintiff believed herself to be disabled was August 2011, which is months after her alleged onset date in April 2011. AR 1654. But Dr. Mann rendered his opinions in 2012 and 2013, at least a year after Plaintiff apparently believed herself to be disabled. The testimony referenced by the Commissioner does not contradict Dr. Mann's opinions and thus does not constitute a valid reason to discount Dr. Mann's opinions.

1    Because the ALJ failed to provide specific, legitimate reasons to discount the physical

2    limitations identified in Dr. Mann's opinions, the ALJ's assessment of those portions of the

3    opinions is erroneous.

4    **B.    The Appropriate Remedy is a Remand for a Finding of Disability**

5    As explained *supra*, the ALJ's decision contains reversible error as to the opinions of

6    Drs. Ghazi and Mann.[5]  The parties disagree as to the appropriate remedy for errors in the ALJ's

7    decision, with the Commissioner urging the Court to remand for further proceedings.  Dkt. 12 at

8    17-18.

9    The Court has discretion to remand for further proceedings or for a finding of disability.

10   *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  However, a remand for an immediate

11   award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'"  *Brown-*

12   *Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec.*

13   *Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

14   Before remanding a case for an award of benefits, three requirements must be met.  First,

15   the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether

16   claimant testimony or medical opinion.'"  *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v.*

17   *Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must conclude "'the record has

18   been fully developed and further administrative proceedings would serve no useful purpose.'"

19   *Id*.  In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved

20   before a disability determination can be made.  *Id*. (quoting *Treichler*, 775 F.3d at 1105).  Third,

21   the Court must conclude that, "'if the improperly discredited evidence were credited as true, the

---

[5] Although Plaintiff assigned error to other parts of the ALJ's decision, the Court need not address those issues because even if other parts of the ALJ's decision could be affirmed, it would not cure the errors as to the opinions of Drs. Ghazi and Mann, and would not raise serious doubt as to whether Plaintiff was disabled for the reasons those doctors described her to be.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9

ALJ would be required to find the claimant disabled on remand.'" *Id.* (quoting *Garrison*, 759 F.3d at 1021).

The ALJ decision at issue in this case represents the fourth ALJ decision on this application (filed in 2011), and the fourth attempt to discount Dr. Mann's opinions. *See* AR 33-34, 181, 746. The repeated unsuccessful attempts to find Dr. Mann's opinions inconsistent with the record suggest that the record is not, in fact, inconsistent with Dr. Mann's conclusions, and that a remand for further proceedings to remedy this error would be futile. Dr. Ghazi's testimony affirming Dr. Mann's conclusions after review of the record provides further evidence that the record is consistent with Dr. Mann's conclusions, and the VE testimony indicates that if the limitations identified by Dr. Mann were credited, Plaintiff would not be able to sustain the necessary pace of work. *See* AR 1722, 1745-50. On this record, the Court does not have serious doubts as to whether Plaintiff's physical limitations are disabling, and thus remands this case for a finding of disability.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability under sentence four of 42 U.S.C. § 405(g).

Dated this 27th day of June, 2022.

S. KATE VAUGHAN
United States Magistrate Judge